IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-01523-PSF-BNB

QFA ROYALTIES LLC; and
QIP HOLDER LLC,

    Plaintiffs,

v.

AMERICAN DELI'S, INC.;
PETER J. DALEY; and
SALLY A. DALEY,

    Defendants.

## PRELIMINARY INJUNCTION ORDER

On November 3 and 4, 2005, this matter came before the Court for hearing on plaintiff's Motion for Preliminary Injunction.

The Court received evidence and argument from plaintiffs, QFA Royalties LLC and QIP Holder LLC (hereafter referred to as "plaintiffs" or "Quizno's") and defendants, American Deli's Inc. (hereafter referred to as "Defendant Franschisee"), Peter J. Daley and Sally A. Daley ("Defendant Guarantors"), including Defendant Peter J. Daley who appeared personally before the Court representing himself and the other defendants.

After considering plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. # 2), Renewed Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. # 13), and the evidence on file and the evidence presented at the hearing (Exhibits 4-16 and 18-21), the Court GRANTED the Renewed Motion

and made comprehensive findings and conclusions on the record, which are incorporated herein by this reference.

**BASED ON THE EVIDENCE, IT IS ORDERED THAT:**

1. In connection with the operation of Defendant Franchisee's former Quizno's Restaurant Number 1813, located at 317 East Beaver Avenue, State College, Pennsylvania, Defendant Franchisee, its agents, servants and employees, and those people in active concert or participation with it, are preliminarily enjoined from:

    a. Using Quizno's Marks (as defined in the parties' underlying Franchise Agreement) or any trademark, service mark, logo or trade name that is confusingly similar to Quizno's Marks;

    b. Otherwise infringing Quizno's Marks or using any similar designation, alone or in combination with any other components;

    c. Passing off any of its products or services as those of Quizno's or its authorized franchisees;

    d. Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of his businesses, products or services;

    e. Causing a likelihood of confusion or misunderstanding as to its affiliation, connection or association with Quizno's and its franchisees or any of Quizno's products or services; and

    f. Unfairly competing with Quizno's or its franchisees in any manner.

2. Defendant Franchisee is preliminarily enjoined from having any direct or indirect interest in any submarine, hoagie, hero-type and/or deli-style sandwich restaurant located or operating within a five (5) mile radius of its former Quizno's

Restaurant Number 1813, located at 317 East Beaver Avenue, State College, Pennsylvania, or within a five (5) mile radius of any other Quizno's Restaurant. For purposes of this paragraph, it is expressly noted that a prohibited indirect interest shall not include the ownership of shares of a class of securities listed on a stock exchange or traded on the over-the-counter market.  The prohibition of this paragraph also does not apply to the Quizno's Restaurant Number 1812 located in Morgantown, West Virginia, owned and operated by Defendants.

3. Defendant Franchisee shall immediately return all labels, signs, prints, packages, wrappers, receptacles, uniforms, logo items, and advertisements in the possession of Defendant Franchisee, its affiliates, subsidiaries, officers, agents, servants and employees, and those people in active concert or participation with it bearing Quizno's Marks, and all plates, molds, and other means of making the same used in connection with Defendant Franchisee's former Quizno's Restaurant Number 1813, located at 317 East Beaver Avenue, State College, Pennsylvania, if any, all at Defendants' cost.

4. Defendant Franchisee shall immediately eliminate its advertising under Quizno's Marks or any other confusingly similar designations from all media including, but not limited to, newspapers, flyers, coupons, promotions, signs, menus, telephone books, telephone directory assistance listings and mass mailing used in connection with Defendant Franchisee's former Quizno's Restaurant Number 1813, located at 317 East Beaver Avenue, State College, Pennsylvania, all at Defendants' cost.

5. Defendant Franchisee and Defendant Guarantors shall immediately perform their contractual post-termination obligations under the Franchise Agreement, including, without limitation, their obligations:

    a. To take any and all necessary steps to cancel and/or transfer to Quizno's any telephone numbers associated with Quizno's Marks used in connection with the operation of Defendant Franchisee's former Quizno's Restaurant Number 1813, located at 317 East Beaver Avenue, State College, Pennsylvania; and

    b. To return to Quizno's all operating manuals and other materials provided to Defendant Franchisee in connection with the operation of the former Quizno's Restaurant number 1813, located at 317 East Beaver Avenue, State College, Pennsylvania, and all materials bearing any of Quizno's Marks.

6. A bond of $2,500.00 (two-thousand five-hundred dollars) shall be posted by Quizno's and will remain in place in connection with this Preliminary Injunction.

7. Defendant Franchisee shall file with the Court and serve upon Quizno's counsel within ten (10) days after entry of this Order, a written report, under oath, setting forth in detail the manner in which it has complied with this Order.

8. The parties are directed to maintain the exhibits used at the hearing held on November 3 and 4, 2005 for possible future use in this case or for appeal purposes.

9. This Order shall remain in full force and effect during the pendency of this case until further Order of the Court.

DATED: November 8, 2005

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge