IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01523-PSF-BNB

QFA ROYALTIES LLC; and
QIP HOLDER LLC,

      Plaintiffs,

v.

AMERICAN DELI'S, INC.;
PETER J. DALEY; and
SALLY A. DALEY,

      Defendants.

---

## AGREED PERMANENT INJUNCTION

---

On this date, the Court considered the above-entitled and numbered cause of action

between Plaintiffs QFA Royalties LLC and QIP Holder LLC ("Quizno's") and Defendants

American Deli's, Inc., Peter Daley and Sally Daley ("Defendants").  Upon notice that all issues

relating to the previous filing for bankruptcy protection by American Deli's, Inc. have been

resolved such that entry of this order is permitted and upon stipulation between Quizno's and

Defendants the Court hereby **GRANTS** the parties' Agreed Permanent Injunction Order.

      **THE PARTIES HEREBY STIPULATE AS FOLLOWS:**

      1.      This action arises out of a written Franchise Agreement entered into by and

between Quizno's and Defendant American Deli's, Inc. (**"American Deli's"**).  Pursuant to the

Franchise Agreement, AMERICAN DELI**'S** was granted the right, subject to the terms and

conditions of the Franchise Agreement, to operate Quizno**'s** Sub Restaurant No. 1813 in State

College, Pennsylvania.  Peter Daley and Sally Daley were owners of AMERICAN DELI**'S** and

both signed a personal guaranty in which he and she guaranteed all of AMERICAN DELI'S obligations under the Franchise Agreement.

2.     Venue is proper in the United States District Court for the District of Colorado as provided in paragraph 21.1 of the Franchise Agreement.

3.     Plaintiffs allege that AMERICAN DELI'S failed to comply with the lawful provisions of the Franchise Agreement and that AMERICAN DELI'S failed and refused to cure its defaults; that Quizno's terminated the Franchise Agreement, consistent with the express terms of the written Franchise Agreement; that following termination all Defendants were required, *inter alia*, with respect to Restaurant No. 1813 to cease operating as a Quizno's franchisee and identifying themselves as a Quizno's franchisee, to cease using Quizno's Marks, trade secrets, trade dress, signs, symbols and trade names, to de-identify the former restaurant by removing the Quizno's Marks, trade dress, signs and symbols and to refrain from operating a competing deli-type restaurant from the former location of Restaurant No. 1813 or within five miles of that or any other Quizno's sub restaurant location (with the exception of Restaurant No. 1812 owned by American Deli's in Morgantown, West Virginia).

4.     Plaintiffs further allege that notwithstanding the termination of the Franchise Agreement and Quizno's demand that each Defendant cease using Quizno's trademarks and service marks, AMERICAN DELI'S and its agents continued to hold themselves out to the public as an authorized franchisee of Quizno's, passing off the restaurant as being sponsored by, affiliated with, or endorsed by Quizno's.  In particular, Plaintiffs allege that AMERICAN DELI'S and its agents were using the Quizno's Marks, trade secrets, trade dress, signs, symbols and trade names in connection with the operation of a competing deli-type restaurant at the same location as the former Quizno's Restaurant No. 1813, and that AMERICAN DELI'S and its

agents used Quizno's confidential and proprietary information by selling to the public food using Quizno's recipes, sauces and products.

5.      The Parties stipulate that American Deli's has closed Restaurant No. 1812 and that the Franchise Agreement relating to that Restaurant has been terminated.

6.      In order to avoid the cost, expense and time involved in litigating these issues, Defendants have agreed to the entry of this Agreed Permanent Injunction against them.

7.      Defendants hereby waive any and all claims that this permanent injunction was improperly entered.

8.      Accordingly, Defendants agree not to own or operate any competing business, as defined in the Franchise Agreement, at the location of AMERICAN DELI'S former Quiznos Sub Restaurant No. 1813 and at the locations of American Deli's former Quiznos Sub Restaurant No. 1812 or any location within 5 miles of a Quizno's sub restaurant for a period of two years, to cease using Quizno's proprietary Marks, trade secrets, trade dress, signs, symbols and trade names.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

Defendants, their agents, servants and employees, and those people in active concert or participation with him are enjoined from:

1.      Using Quizno's Marks or any trademark, service mark, logo or trade name that is confusingly similar to Quizno's Marks;

   a.      Otherwise infringing on Quizno's Marks or using any similar designation, alone or in combination with any other components;

   b.      Passing off any of their products or services as those of Quizno's or its authorized franchisees;

      c.      Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of their businesses, products or services;

      d.      Causing a likelihood of confusion or misunderstanding as to their affiliation, connection or association with Quizno's and its franchisees or any of Quizno's products or services; and

      e.      Unfairly competing with Quizno's or its franchisees in any manner.

2.      Defendant Franchisee is enjoined from having any direct or indirect interest in any submarine, hoagie, hero-type and/or deli-style sandwich restaurant located or operating within a five (5) mile radius of its former Quizno's Restaurant No. 1813, located at 317 East Beaver Avenue, State College, Pennsylvania, its former Quizno's Restaurant No. 1812 located at Morgantown, West Virginia or within a five (5) mile radius of any other Quizno's Restaurant.  For purposes of this paragraph, it is expressly noted that a prohibited indirect interest shall not include the ownership of shares of a class of securities listed on a stock exchange or traded on the over-the-counter market.

3.      Defendant Franchisee shall return all labels, signs, prints, packages, wrappers, receptacles, uniforms, logo items, and advertisements in the possession of Defendants, its affiliates, subsidiaries, officers, agents, servants and employees, and those people in active concert or participation with it bearing Quizno's Marks, and all plates, molds, and other means of making the same used in connection with Defendant Franchisee's former Quizno's Restaurant No. 1813 and former Quizno's Restaurant No. 1812, if any, all at Defendants' cost.

4.      Defendant Franchisee shall eliminate its advertising under Quizno's Marks or any

other confusingly similar designations from all media including, but not limited

to, newspapers, flyers, coupons, promotions, signs, menus, telephone books,

telephone directory assistance listings and mass mailings used in connection with

Defendant Franchisee's former Quizno's Restaurant No. 1813 and Restaurant No.

1812, all at Defendants' cost.

5.      Defendant Franchisee and Defendant Guarantors shall perform their contractual

post-termination obligations under the Franchise Agreement, including, without

limitation, their obligations:

a.   To take any and all necessary steps to cancel and/or transfer to Quizno's

any telephone numbers associated with Quizno's Marks used in

connection with the operation of Defendant Franchisee's former Quizno's

Restaurant No. 1813 and Quizno's Restaurant No. 1812; and

b.   To return to Quizno's all operating manuals and other materials provided

to Defendant Franchisee in connection with the operation of the former

Quizno's Restaurant No. 1813, and Quizno's Restaurant No. 1812 and all

materials bearing any of Quizno's Marks.

6.      Defendant Franchisee shall file with the Court and serve upon Quizno's counsel

within ten (10) days after entry of this Order, a written report, under oath, setting

forth in detail the manner in which it has complied with this Order.

**IT IS FURTHER ORDERED** that the bond in the amount of $2,500 posted by Plaintiffs

in support of the Preliminary Injunction Order is hereby released.

AGREED TO this 4th day of May, 2006:

| | |
|---|---|
| QFA ROYALTIES LLC and<br>QIP HOLDER LLC | AMERICAN DELI'S, INC.,<br>PETER J. DALEY and  SALLY A. DALEY, |
|  s/ Leonard H. MacPhee | s/ Peter J. Daley |
| Leonard H. MacPhee | Peter J. Daley |
| Attorney for Plaintiffs | Peter J. Daley & Associates, PC |
| Perkins Coie, LLP | Attorney for Defendants |
| 1899 Wynkoop Street, Suite 700 | 242 Wood Street |
| Denver, CO 80202 | California, PA 15419 |
| (303) 291-2300 | Fax:  724-938-8959 |
| lmacphee@perkinscoie.com | kcoy@pahouse.net |
| | pjdassoc@verizon.net |

SO ORDERED this   5th   day of     May    , 2006.

BY THE COURT:

*s/ Phillip S. Figa*

Phillip S. Figa
United States District Judge

6